Ruffi.y, Chief-Justice,
 

 after stating the case as above, proceeded : — If the entries upon which the purchase money to tiic State is not alleged to have been paid, be the subject of execution, the purchaser must yet go on to complete the title and do such acts as the laws require to prevent the land becoming vacant and again the subject of entry. There is no obligation upon the defendant in execution to pay further sums of money,or perfect the title. All his rights were transferred by the sale, and the purchaser takes the land as on entry, subject to the legislative provisions affecting such interests. It is his own fault if he forfeits it to the State, and a new caterer acquires all the rights of the State. The purchase money not having been paid, there is no equity against the State or another enterer. I should therefore see no equity in the bill against either of the defendants, if the entries had not lapsed before the sale, but were suffered to do so before the filing of the bill; since the plaintiffs did not lose the right in the entry, the thing bought by them, by reason of a defect of title in
 
 Mutholland
 
 or by any act of his, but by tbeir own
 
 laches,
 
 and when once gone from them, and vested again in the State, she could sell as well to
 
 Mulhollanil
 
 as to any other citizen, and her rights protect him.— But the present case is still stronger agai ist the plaintiffs for the entries had lapsed at the time of the sale. The answers state them to have been made on the 11th December 1825, and there is no evidence upon the subject, except the deposition of the entry taker taken by the plaintiffs which sustains the answers. By the act of 1808,(ñeu.c/¿.759,) they lapsed on the 15th December of the second year thereafter, viz : 1827, unless the purchase money was then paid, and all the subsequent acts allowing further time to perfect titles, extend only to entries “upon which the purchase money has been paid in due time.” The plaintiffs then bought noth*-ing and can have no relief. Whether the case is within the act of 1807 for the relief of purchasers at execution sales, who lose the estate by reason of the defendants having no title, is not a question here, for the bill is not
 
 *383
 
 framed with a view to such relief, and moreover the remedy given
 
 by
 
 tiie act is at law, and is complete there.
 

 I have considered the case as against
 
 Mulkolland,
 
 as the stronger of the two for the plaintiffs. Against hcother defendant
 
 Mebane
 
 there is no pretence on which* as the case is made out, a decree could rest. The bill must therefore he dismissed with costs.
 

 Per Curiam. — Bill dismissed.